IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01042-JPG |
| | ) | |
| JOHN DOE #1, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint (Doc. 23) filed by Plaintiff Jerry B. Ezebuiroh on December 16, 2019. Plaintiff, a detainee at Marion County Law Enforcement Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 to challenge the conditions of his confinement at Marion County Law Enforcement Center. (*Id*. at pp. 1-8). Plaintiff seeks money damages and injunctive relief.[1] (*Id*. at p. 9).

The Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 23, pp. 1-8): Plaintiff has been detained at Marion County Law Enforcement Center since July 27, 2019. (*Id*.

---

[1] The Court construes this request as one for injunctive relief *at the close of the case*.

1

at pp. 6-8). Since then, he has been housed in a holding cell that is smeared with feces and infested with mice. (*Id*.). He has been allowed four showers in four months, and his cell has no running water. (*Id*.). Plaintiff has also been forced to sleep on a moldy mat and eat on a food tray from the "sick floor." (*Id*.).

Plaintiff attempted to address these conditions by speaking directly to Jail Administrator John Doe. (*Id*. at pp. 4-5). He also filed written grievances with Doe. In response, Doe instructed his employees to "find a blind spot [and] trash [Plaintiff's] grievance[s]." (*Id*. at p. 5). Plaintiff also got his "ass beat" for complaining. (*Id*. at p. 4).

Based on the allegations, the Court finds it convenient to organize the *pro se* Amended Complaint into the following enumerated Counts:

> **Count 1:** Fourteenth Amendment claim against Jail Administrator Doe for subjecting Plaintiff to unconstitutional conditions of confinement.
>
> **Count 2:** Fourteenth Amendment claim against Jail Administrator Doe for subjecting Plaintiff to the unauthorized use of force when he complained about the conditions of his confinement.
>
> **Count 3:** First Amendment claim against Jail Administrator Doe for retaliating against Plaintiff when he complained about the conditions of his confinement by subjecting him to the unauthorized use of force.

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Plaintiff appears to be a pretrial detainee, so his claims in Counts 1 and 2 are analyzed under the Fourteenth Amendment Due Process Clause. The Fourteenth Amendment entitles him to more robust protections than the Eighth Amendment. However, Count 1 survives screening under either standard. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (articulating

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

different standards for conditions claims brought by pretrial detainees and prisoners). This claim shall receive further review against Jail Administrator John Doe.

Counts 2 and 3 do not survive preliminary review because Plaintiff does not allege that Jail Administrator Doe was involved in either constitutional deprivation. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff must make plausible allegations against an individual, and he has failed to do so in connection with either of these claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555 (2007). Accordingly, Counts 2 and 3 shall be dismissed without prejudice for failure to state a claim.

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Jail Administrator John Doe. However, he must identify this defendant with particularity before service of the Amended Complaint can be made on him. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this individual. *Rodriguez*, 577 F.3d at 832. The Marion County Sheriff will be added as a defendant in order to assist in identifying this individual. Once the name is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of Jail Administrator John Doe in the caption and Amended Complaint.

## Pending Motions

**A.     Motion for Recruitment of Counsel (Doc. 25)**

Plaintiff's Motion for Recruitment of Counsel is **GRANTED**. Plaintiff has demonstrated reasonable, but unsuccessful, efforts to find counsel on his own before seeking the Court's help. His limited education, medical issue(s), and mental health condition(s) prevent him from litigating

this matter *pro se*, and the guiding hand of counsel is necessary to move this matter forward. The Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in propounding discovery aimed at identifying the unknown defendant and otherwise representing Plaintiff in litigating this case.

**B.      Miscellaneous Motions (Docs. 24, 26, and 27)**

Plaintiff's other motions—seeking *in forma pauperis* status (*see* Doc. 24) (*but see* Doc. 4) (granting IFP status), requesting miscellaneous relief (Doc. 26), and requesting review of video footage of Plaintiff timely filing an amended complaint (Doc. 27)—are **DENIED** as **MOOT**.

## Disposition

The **CLERK** is directed to **ADD** the **MARION COUNTY SHERIFF** (official capacity only) to the docket for the purpose of identifying Jail Administrator John Doe.

**IT IS ORDERED** that the Amended Complaint (Doc. 23) survives screening, and **COUNT 1** will receive further review against Defendant **JOHN DOE (Jail Administrator)**. However, **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim. **Pursuant to Administrative Order No. 244, Defendant John Doe must only respond to the issues stated in this Merits Review Order.**

The Clerk of Court shall prepare for Defendant **MARION COUNTY SHERIFF** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 23), and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to

pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. **Marion County Sheriff need not answer or otherwise respond to the Amended Complaint; he/she must only enter his/her appearance and will receive further instructions on discovery at a later date.**

Service shall not be made on Defendant **JOHN DOE** until Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals.

### Recruitment of Counsel

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Joshua Dean Shirley** of **Lawler Brown Law Firm** located in Marion, Illinois, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **January 21, 2020**, assigned counsel shall enter his/her appearance in this case. Attorney Shirley is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 23 to attorney Shirley. The electronic case file is available through CM-ECF.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that she be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms"

as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

> **JERRY B. EZEBUIROH, #19059152**
> **Marion County Law Enforcement Center**
> **204 North Washington Avenue**
> **Salem, IL 62881**

**IT IS SO ORDERED**.

**DATED: 12/20/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**